# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ZOOMINFO TECHNOLOGIES LLC,

    Plaintiff,

v.                                                     Case No. 8:20-cv-2847-TPB-CPT

GLOBAL CONVERGENCE, INC.,

    Defendant.
_____/

GLOBAL CONVERGENCE, INC.,

    Third-Party Plaintiff,

v.

TRIFECTA NETWORKS LLC,

    Third-Party Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART "TRIFECTA NETWORKS, LLC'S MOTION TO DISMISS THIRD-PARTY COMPLAINT"

This matter is before the Court on "Trifecta Networks, LLC's Motion to Dismiss Third-Party Complaint," filed by counsel on May 4, 2021. (Doc. 31). On May 18, 2021, Defendant/Third-Party Plaintiff Global Convergence, Inc. filed its response in opposition. (Doc. 32). After reviewing the motion, response, court file, and the record, the Court finds as follows:

## Background

Four companies are involved in this case. Plaintiff ZoomInfo Technologies LLC curates and sells access to a database of information used by businesses for sales, marketing and recruiting. Third-Party Defendant Trifecta Networks, LLC is an independent reseller of networking and telecommunications equipment and was a licensee of ZoomInfo's database during the relevant times of this dispute. Trifecta also does business with Defendant/Third-Party Plaintiff Global Convergence, Inc., an IT company. Accelerate IT, LL ("AIT") is an independent sales agent and an independent contractor of Global Convergence.

The events underlying the litigation began on February 27, 2020, during a meeting between Trifecta and AIT employees at Global's office. During that meeting, a Trifecta employee downloaded licensed materials from ZoomInfo's database and shared that information with an AIT employee, Kitty Cors, who was using an email account on Global's domain. On March 27, 2020, the same thing happened again. Cors used those materials to send emails marketing Global's services to potential customers. ZoomInfo discovered the marketing emails from AIT and traced the downloads to an IP address linked to Global's office WiFi.

On January 19, 2020, ZoomInfo filed an amended complaint against Global alleging Theft of Trade Secrets (18 U.S.C. § 1832) (Count One), Misappropriation of Trade Secrets (§ 688.02, *F.S.*) (Count Two), Misappropriation of Confidential Information (Count Three), and Negligence (Count Four) and injunctive relief

(Count Five). On March 22, 2021, Global filed a third-party complaint against Trifecta seeking contractual (Count I) and common law indemnification (Count II).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Count I – Contractual Indemnity*

Trifecta seeks dismissal of Count I based on Global's failure to state a claim. To state a claim for contractual indemnity, a plaintiff must sufficiently allege that parties intended to enter into an indemnification agreement that covers the alleged behavior. *See Fidelity & Guar. Ins. Co. v. Ford Motor Co.*, 707 F.Supp.2d 1300, 1313 (M.D. Fla. 2010). The intent of the parties and scope of the indemnification provision are "derived from the language of the contract and the circumstances in which it was made." *Id*.

Global generally alleges that the "Customer Master Services Agreement" is a binding contract on Trifecta that demands indemnity. However, the third-party complaint fails to allege facts suggesting that the parties intended to be bound by the Customer Master Service Agreement or that they otherwise manifested their consent by acting as if the Agreement was binding on them. The Agreement was not executed by either party, but Global argues that the attached October 2019 Quote (Doc. 22-2) demonstrates that the parties intended to enter a "continuing business relationship governed by the Agreement." *Id*. at 7. Even if parties do not sign a contract, they may be bound by the provisions of the contract if the evidence supports that they acted as if the provisions of the contract were in force. *Sosa v. Shearform Mfg.*, 784 So. 2d 609, 610 (Fla. 5th DCA 2001).

The signed 2019 quote, covering $88,098.03 worth of maintenance services to be performed over the course of a year between the parties, does not demonstrate

their consent to be bound by the Agreement because it makes no reference to the Agreement.  In this case, the mere existence of one business transaction is not sufficient to imply that the parties intended to agree to the entirety of an unrelated, unexecuted Agreement.

Moreover, the unsigned copy of the Agreement attached as an exhibit to the third-party complaint provides for indemnification running from the "Contractor" to the "Company."  The provisions of the Agreement make clear that Global is the Contractor and Trifecta is the Company, stating that:

> Company hereunder may request, and *GCI may agree*, to provide certain services (Services) to Company on a project-by-project basis. . . The party requesting Services hereunder shall be referred to as the "Company". The party performing the Services hereunder shall be referred to herein as the "Contractor".

(Doc. 22-1) (emphasis added).  Thus, while the Agreement generically defines "Contractor" as the party performing for the "Company," the same paragraph makes clear that the party providing services would be Global.  Further confirming the identification of Global as the Contractor, the "Glossary" appended to the Agreement defines "Contractor" as the "service delivery company, GCI," *i.e.*, Global. Reading the Agreement as a whole, there is no ambiguity on this point.  Because Global was the Contractor, the Agreement does not provide for an indemnity obligation running from Trifecta to Global.

Accordingly, Global's claim against Trifecta for contractual indemnity must be dismissed.  The Court notes that is perhaps conceivable that Global can allege a further set of facts plausibly showing the parties agreed to provide indemnification

to each other in these circumstances. Therefore, the dismissal is without prejudice, with leave to amend.

*Count II – Common Law Indemnity*

Trifecta moves to dismiss this count for failure to state a claim. To state a claim for common-law indemnity, a plaintiff must sufficiently allege "(1) that he is wholly without fault, (2) that the party from whom he is seeking indemnity is at fault, and (3) that he is liable to the injured party only because he is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom he is seeking indemnity." *Brown v. Bottling Group, LLC*, 8:15-cv-325-T-23-TGW, 2016 WL 3883192, at *4 (M.D. Fla. July 18, 2016) (quotations omitted).

Global has alleged that it is wholly without fault with respect to the underlying claim by ZoomInfo. Trifecta argues that ZoomInfo's claims as pled necessarily require proving some fault or breach of duty by Global, and common law indemnification is therefore a legal impossibility in this case. It is true that Plaintiff's complaint alleges that Global took various actions giving rise to liability. But ZoomInfo is not required to plead vicarious liability specifically or separately, and ZoomInfo could still argue for Global's liability based on such a theory, allowing for Global to be found liable without fault. *See Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259-1260 (11th Cir. 2015) (holding that a district court erred in dismissing a vicarious liability claim for failing to specifically allege such liability). At the motion to dismiss stage, it is inappropriate

to determine whether ZoomInfo's claims against Global will require proving fault. Therefore, the motion to dismiss is denied as to this ground.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1) "Trifecta Networks, LLC's Motion to Dismiss Third-Party Complaint" t (Doc. 31) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2) The motion is **GRANTED** to the extent that Count I is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.  Global is directed to file an amended complaint that corrects the deficiencies identified in this Order on or before December 21, 2021.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment as to Count I.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

3) The motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of December, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**